# NO. 12-10-00325-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MICHAEL DWAYNE BUTLER,*<br>*APPELLANT* | § | *APPEAL FROM THE THIRD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

---

### MEMORANDUM OPINION
### PER CURIAM

Michael Butler appeals his conviction for felony driving while intoxicated (DWI). Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

On March 6, 2005, Appellant was arrested for felony DWI. Appellant was charged by information after formally waiving indictment by a grand jury. In the information, the State alleged that Appellant had two prior DWI convictions, one in 1999 and the other in 2002. Appellant and the State entered into a negotiated plea agreement. As part of the agreement, he waived his right to a jury trial, pleaded guilty, and was sentenced to ten years of imprisonment, probated for a ten year community supervision period.

In July 2006, the State filed a motion to revoke Appellant's community supervision for several alleged violations. Instead of revoking his community supervision, in January 2007, the trial court modified the terms to require, in part, that Appellant attend more intensive and more frequent substance abuse treatment programs and serve sixty days in the county jail.

After his release from the county jail, Appellant was arrested for his fourth DWI in Montgomery County, Texas, on September 8, 2007. He pleaded guilty and was sentenced by the 221st District Court in Montgomery County to three years of imprisonment on October 26, 2007. He served approximately one year, was paroled, and then committed theft.

The State then filed its "First Amended Motion to Revoke Community Supervision" in 2009 and a second amended motion on March 30, 2010. In its second amended motion, the State asserted that Appellant committed fourteen different violations of his community supervision conditions. Appellant pleaded "true" to all the allegations.

At a hearing on August 16, 2010, based on Appellant's plea of true, the trial court revoked Appellant's community supervision and sentenced him to ten years of imprisonment after a punishment hearing. In both the Montgomery County judgment and the trial court's judgment in the instant case, the trial courts ordered that Appellant's sentence run "concurrently." Even though neither judgment referred specifically to the other, the trial court in the instant case ordered that Appellant receive full credit for the time he served in prison on the Montgomery County offense.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with **Anders** and **Gainous**. Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case. In compliance with **Anders**, **Gainous**, and **High v. State**, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[1] *See* **Anders**, 386 U.S. at 745, 87 S. Ct. at 1400; *see also* **Penson v. Ohio**, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and have conducted our own independent review of the record. We found no reversible error. *See* **Bledsoe v. State**, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw. *See* **In re Schulman**, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); **Stafford v. State**, 813 S.W.2d 503, 511

---

[1] Counsel for Appellant certified that he provided Appellant with a copy of his brief and informed Appellant that he had the right to file his own brief. Appellant was given time to file his own brief, but the time for filing such a brief has expired and we have received no pro se brief.

(Tex. Crim. App. 1991). We are in agreement with Appellant's counsel that the appeal is wholly frivolous. Accordingly, his motion for leave to withdraw is hereby ***granted***, and we ***dismiss*** this appeal. *See **In re Schulman***, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See **In re Schulman***, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; ***In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered July 13, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)